**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY SERMENO,<br>Plaintiff,<br>v.<br>BUTTE COUNTY PROBATION DEPARTMENT, et al,<br>Defendants. | No. 2:25-cv-2505-DC-DMC<br><br><u>ORDER</u> |

Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for limited early discovery. <u>See</u> ECF No. 4.

Plaintiff requests an order permitting limited early discovery prior to a Rule 26(f) conference. Specifically, Plaintiff seeks to serve discovery requests seeking all versions of the probation report at issue in this case as well as declarations from custodians of records. <u>See</u> ECF No. 4, pg. 2.

/ / /

/ / /

/ / /

/ / /

Parties are generally not entitled to engage in discovery prior to a Rule 26(f) conference. See Fed. R. Civ. P. 26(d)(1). The Court may, however, permit early discovery on a showing of good cause. See Fluke Elecs. Corp. v. CorDEX Instruments, 2013 WL 566949, at *10 (W.D. Wash. 2013) ("Courts within the Ninth Circuit generally use a 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference"); Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); see also Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). To determine whether good cause exists, courts consider: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Rovio Ent. Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). Permitting early discovery deviates from the normal practice under the Federal Rules of Civil Procedure and is an extraordinary form of relief. See Am. LegalNet, Inc., 637 F. Supp. 2d at1066 (citing Merrill Lynch, Pierce, Fenner & Smith v. O'Connor, 194 F.R.D. 618, 623 (N.D. Ill. 2000)). To obtain early discovery, the moving party must show that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." See Am. LegalNet, Inc., 637 F. Supp. 2d at1066 (citing In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008)).

Here, the Court finds that deviation from the normal discovery practice to allow early discovery is not warranted. First, while a motion for preliminary injunctive relief is pending, for the reasons explained in the findings and recommendations issued herewith, the Court concludes that injunctive relief is not appropriate. Second, Plaintiff seeks wide-ranging discovery into all versions of the probation report at issue in this case. As such, the request for early discovery is not limited, contrary to Plaintiff's suggestion. Third, Plaintiff has not demonstrated any purpose for early discovery. Fourth, as explained in the accompanying order addressing Plaintiff's complaint, while Plaintiff has stated cognizable claims, his municipal liability claim is defective. Plaintiff has been provided leave to amend. Until such time as an amended complaint is filed or the Court orders service on the original complaint, the burden on

unserved defendants to respond to early discovery would be high. Finally, Plaintiff has not shown why the discovery he seeks, which could be available through the normal discovery practice following the filing of an answer to the complaint and a conference pursuant to Rule 26(f), is needed on an expedited basis.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for limited early discovery, ECF No. 4, is denied.

Dated: August 18, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE