**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY SERMENO,<br>Plaintiff,<br>v.<br>BUTTE COUNTY PROBATION DEPARTMENT, et al,<br>Defendants. | No. 2:25-cv-2505-DC-DMC<br><br>ORDER |

Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint. See ECF No. 1.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

/ / /

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Debbie Grover, Probation Officer, (2) Melissa Romero, Chief Probation Officer, and (3) Butte County Probation Department. See ECF No. 1, pg. 1.

Plaintiff states that in 2012 Defendant Grover authored a presentence probation report in connection with Butte County Superior Court Case No. CM035385. See id. at 3. The probation report failed to indicate that the Plaintiff was a juvenile or that the arrest was conducted by Paradise Police Department. See id. at 7. Plaintiff alleges that the omission caused the California Department of Justice (DOJ) to record the offense as an adult conviction which resulted in the DOJ assigning Plaintiff a lifetime registration requirement under Cal. Penal Code § 290 Sex Offender Registration Act, when ten-year registration is proper for juvenile offenses. See id. Plaintiff states that Defendant Grover failed to investigate or verify the correct information in the probation report. See id. Plaintiff claims that, despite numerous opportunities, the Probation Department never corrected the record. See id. at 4. Plaintiff then states that after he was released from custody on or about June 29-30, 2019, he registered as a sex offender within days. See id. at 7. Plaintiff alleges this lifetime registration has impaired his liberty, access to services, housing and employment. See id.

Next, Plaintiff alleges that in 2024 Defendant Grover authored a second probation report with the same incorrect information. See id. at 6. Plaintiff then states he was charged with a felony drug offense that, under normal circumstances, would have been treated as a misdemeanor but the prosecution cited his lifetime registration to justify the felony charge. See id. at 8. Plaintiff alleges that Defendant Romero, as Chief Probation Officer of Butte County, has "failed to implement, maintain, or enforce any internal procedures or training programs requiring probation officers to accurately distinguish juvenile offenses from adult offenses." See id. at 9. Plaintiff further alleges there is no institutional mechanism to ensure reports are reviewed for factual accuracy concerning age at the time of offense. See id. Additionally, Plaintiff alleges Defendant Romero creates an "environment where systemic indifference to accuracy was allowed to persist." See id. Plaintiff alleges that Defendant Does one through ten "participated in, facilitated,

ratified, or failed to correct the constitutional violations described herein." Id. at 6.

Plaintiff also alleges that Defendant Grover "deliberately or with reckless disregard to the truth" falsified government records "associated with Plaintiff." Id. at 26. Plaintiff contends that "Defendants made no efforts to verify Plaintiff's age at the time of the offense, or to confirm whether the juvenile court retained jurisdiction," thereby failing to investigate material facts leading to constitutional injury. Id. at 29. Plaintiff further claims that Defendant Butte County "has maintained a longstanding and unconstitutional custom or practice of allowing officers to copy and paste criminal history . . . without verifying its accuracy." Id. at 37. Plaintiff claims that Defendant Romero maintained a departmental culture of indifference, where probation officers were neither trained nor supervised to ensure accurate recordkeeping or to distinguish between juvenile and adult offenses. See id. at 9, 16-18. This failure, according to the complaint, constitutes a policy or custom of constitutional indifference that has perpetuated systemic violations. See id. at 9-10.

Plaintiff further alleges a conspiracy under 42 U.S.C. § 1983 and Delew v. Wagner between Defendants Grover, Romero, and DOES 1-10, to conceal or ignore the misclassification, thereby depriving him of access to judicial remedies and fair process. See id. at 24-26. Plaintiff claims this conspiracy was motivated by indifference to his pro se status and, potentially, by racial bias. See id. at 34-35. Plaintiff contends violations of Brady v. Maryland and Napue v. Illinois obligations for failure to correct known falsehoods in official records and a continuing violation doctrine argument to toll any statute of limitations. See id. at 31-33.

Plaintiff emphasizes that he is not challenging his conviction or sentence, but rather the ongoing use and dissemination of false records that misstate his juvenile offense as an adult conviction. See id. at 43. He seeks declaratory and injunctive relief to compel correction of his probation and DOJ records, expungement of misclassified data, and compensatory, nominal, and punitive damages for the constitutional harms suffered. See id. at 44-47. He alleges that each day the false classification remains uncorrected constitutes a new and continuing violation of his rights under the First and Fourteenth Amendments. See id. at 21-22.

/ / /

Based on these allegations, Plaintiff asserts seventeen claims as follows:

| | |
|---|---|
| Count I | Denial of Procedural Due Process; 42 U.S.C. § 1983, Fourteenth Amendment. See id. at 10. |
| Count II | Violation of Substantive Due Process; 42 U.S.C. § 1983, Fourteenth Amendment. See id. at 12. |
| Count III | Denial of Access to Courts; 42 U.S.C. § 1983, First and Fourteenth Amendments. See id. at 13. |
| Count IV | Violation of Equal Protection; 42 U.S.C. § 1983, Fourteenth Amendment. See id. at 14-15. |
| Count V | Monell Liability - Policy, Practice and Failure to Train; 42 U.S.C. § 1983, Fourteenth Amendment. See id. at 16-17. |
| Count VI | Declaratory Relief – Misclassification and Constitutional Injury; 28 U.S.C. § 2201. See id. at 18. |
| Count VII | Injunctive Relief – Enjoining Use of Misclassified Records. See id. at 19. |
| Count VIII | Fraudulent Concealment and Continuing Constitutional Violation. See id. at 21. |
| Count IX | Violations of the California Constitution; Cal. Const. art. I §§ 1, 7, 15. See id. at 23. |
| Count X | Conspiracy to Deny Access to the Courts; 42 U.S.C. § 1983, First and Fourteenth Amendments. See id. at 24. |
| Count XI | Deliberate Falsification of Government Records; 42 U.S.C. § 1983, Fourteenth Amendment. See id. at 26. |
| Count XII | Failure to Investigate Material Facts Leading to Constitutional Injury; 42 U.S.C. § 1983, Fourteenth Amendment. See id. at 29. |
| Count XIII | Ongoing Violations of Brady v. Maryland, Napue v. Illinois, and U.S. v. LaPage; 42 U.S.C. § 1983, Fourteenth Amendment. See id. at 31. |
| Count XIV | Conspiracy to Interfere with Civil Rights; 42 U.S.C. §§ 1958(2) – (3). See id. at 34. |
| Count XV | Constitutional Violations; 42 U.S.C. § 1983. See id. at 36. |
| Count XVI | Monell Liability - Unconstitutional Custom, Policy or Practice; 42 U.S.C. § 1983. See id. at 37. |
| Count XVII | Municipal Liability; 42 U.S.C. § 1983. See id. at 39. |

/ / /

/ / /

## II. DISCUSSION

The Court finds that Plaintiff plausibly states the following cognizable claims:

1. Plaintiff asserts a cognizable due process claim, substantive and procedural, arising from his allegations that Defendants repeatedly misclassified Plaintiff's juvenile offense as an adult offense in multiple probation reports.

2. Plaintiff asserts a cognizable denial of access to courts claim arising out of Defendants Grover and Romero repeatedly misclassified his juvenile offense, thereby frustrating his current and future litigation opportunities.

3. Plaintiff asserts a cognizable equal protection claim arising out of his allegations that Defendants intentionally and knowingly misclassified his juvenile offense as an adult offense motivated by racial animus because Plaintiff is African American.

4. Plaintiff asserts a cognizable supervisor liability claim arising out of his allegations that Defendant Romero, as the final policymaker at the probation department, failed to train, review, or correct procedures for accurate classification of juvenile offenders, and she knew that Defendant Grover continued knowingly misclassifying Plaintiff without investigation, disciplining, or retraining personnel.

5. Plaintiff asserts a cognizable conspiracy to intervene with civil rights claim based on his allegations that Defendants worked together to conceal or ignore the misclassification issue, a plan Plaintiff asserts was motivated in part by race.

6. Plaintiff asserts a cognizable nominal and punitive damages claim based on his multiple allegations of his constitutional rights that, even if Plaintiff cannot prove compensatory damages, he would be entitled to nominal damages should he prevail on liability.

Plaintiff does not, however, assert a cognizable municipal liability claim due to the lack of allegations regarding existence of a policy or practice resulting in the constitutional violations asserted in this case. Plaintiff will be provided an opportunity to amend consistent with the legal principles outlined below.

/ / /

/ / /

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Plaintiff does not plausibly allege that Defendant Butte County Probation Department adopted or maintained an affirmative policy or widespread custom that required or encouraged probation officers to misclassify juvenile offenders, nor does he identify a pattern of similar misclassifications affecting other individuals. Plaintiff's allegations suggest negligence or isolated error by Defendant Grover and Romero, which is insufficient to establish municipal liability under Monell. Because § 1983 does not allow a municipality to be held liable on a respondeat superior theory, and because Plaintiff has not identified a municipal policy, custom, or practice that was the moving force behind the alleged deprivations, he fails to state a cognizable municipal liability claim. Plaintiff will be provided leave to amend.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claim against Defendant Butte County Probation Department, identified herein as defective, be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: August 19, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE