**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

LARRY SERMENO,

Plaintiff,

v.

BUTTE COUNTY PROBATION DEPARTMENT, et al,

Defendants.

No. 2:25-cv-2505-DC-ICD

ORDER

Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion to proceed on cognizable claims, which the Court will treat as a request for voluntary dismissal. ECF No. 19.

On August 20, 2026, the Court issued an order determining that Plaintiff's complaint stated cognizable claims against all defendants except Defendant Butte County Probation Department. ECF No. 17. Specifically, the Court found the following claims appropriate to proceed:

> 1. Plaintiff asserts a cognizable due process claim, substantive and procedural, arising from his allegations that Defendants repeatedly misclassified Plaintiff's juvenile offense as an adult offense in multiple probation reports.
>
> 2. Plaintiff asserts a cognizable denial of access to courts claim arising out of Defendants Grover and Romero repeatedly misclassified his juvenile offense, thereby frustrating his current and future litigation opportunities.
>
> 3. Plaintiff asserts a cognizable equal protection claim arising out of his allegations that Defendants intentionally and knowingly misclassified his juvenile offense as an adult offense motivated by racial animus because Plaintiff is African American.
>
> 4. Plaintiff asserts a cognizable supervisor liability claim arising out of his allegations that Defendant Romero, as the final policymaker at the probation department, failed to train, review, or correct procedures for accurate classification of juvenile offenders, and she knew that Defendant Grover continued knowingly misclassifying

Plaintiff without investigation, disciplining, or retraining personnel.

5. Plaintiff asserts a cognizable conspiracy to intervene with civil rights claim based on his allegations that Defendants worked together to conceal or ignore the misclassification issue, a plan Plaintiff asserts was motivated in part by race.

6. Plaintiff asserts a cognizable nominal and punitive damages claim based on his multiple allegations of his constitutional rights that, even if Plaintiff cannot prove compensatory damages, he would be entitled to nominal damages should he prevail on liability.

ECF No. 17 at 5.

As to Defendant Butte County Probation Department, the Court concluded that the complaint fails to state facts to plausibly allege a claim for municipal liability. Id. at 6. Plaintiff was provided an opportunity to amend. Id. at 7-8.

In lieu of filing an amended complaint to address defects in Plaintiff's claim against Defendant Butte County Probation Department, Plaintiff filed the pending motion to proceed on cognizable claims. ECF No. 19. In this filing, Plaintiff specifically asks that all non-cognizable claims (i.e., his municipal liability claim against Defendant Butte County Probation Department) be dismissed without prejudice." Id. at 2. Plaintiff's filing is treated as a request for voluntary dismissal of Defendant Butte County Probation Department and, so treated, is approved. The Court also orders Plaintiff to submit documents necessary for service of the complaint on the remaining defendants.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's filing at ECF No. 19 is treated as a request for voluntary dismissal of Defendant Butte County Probation Department and, so treated, is approved.

2. Because no answer or motion for summary judgment has been filed by Defendant Butte County Probation Department, leave of Court is not required and the action is dismissed without prejudice as against this defendant on Plaintiff's notice. See Fed. R. Civ. P. 41(a)(1)(A)(i).

3. The Clerk of the Court shall issue a summons in a civil case, and the undersigned's new case documents.

4. The Clerk of the Court shall send Plaintiff the summons, two USM-285 forms, and

a copy of the complaint.

5. Within 15 days from the date of this order, Plaintiff shall complete the summons by indicating the addresses of the named Defendants and shall submit to the United States Marshal at the address indicated below the following documents:

a. The completed summons.

b. One completed USM-285 form for each named Defendant.

c. Three copies of the complaint.

6. Within 20 days of the date of this order, Plaintiff shall file a notice indicating that the documents described above have been submitted to the United States Marshal, or a notice that Plaintiff intends to serve the summons and complaint without assistance from the United States Marshal;

7. If Plaintiff seeks the assistance of the United States Marshal, the United States Marshal is directed to serve all process without pre-payment of costs not later than 60 days from the date of this order, such service of process to be completed by serving a copy of the summons, complaint, and initial scheduling conference order on the Defendants at the addresses provided by Plaintiff; and

8. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal at 501 "I" Street, Sacramento, CA, 95814.

Dated: September 29, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE