**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

LARRY SERMENO,

Plaintiff,

v.

BUTTE COUNTY PROBATION DEPARTMENT, et al,

Defendants.

No. 2:25-cv-2505-DC-ICD

FINDINGS AND RECOMMENDATIONS

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's motion for a preliminary injunction. ECF No. 7.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)). When a mandatory injunction is sought—one that goes beyond simply maintaining the status quo during litigation—the moving party bears a "doubly demanding" burden and must establish that the law and facts clearly support injunctive relief. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc). Mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." Id. (internal quotations omitted).

To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits;

(2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 555 U.S. at 20). The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied.'" See Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011)).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff filed the original complaint on September 2, 2025. ECF No. 1. Plaintiff's complaint states that in 2012, Defendant Probation Officer Debbie Grover authored a probation report which misclassified Plaintiff's juvenile arrest as an adult arrest. Id. at 3. As a result, the California Department of Justice imposed a lifetime sex offender registration requirement on Plaintiff instead of the 10-year registration mandate applicable to a minor offender. Id. The original misclassification carried forward into each subsequent phase of Plaintiff's criminal supervision process, including a 2024 felony charge in which the prosecution relied on the original misclassification. Id.

## II. DISCUSSION

Plaintiff requests "a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and for declaratory relief under 28 U.S.C. §§ 2201 and 2202." ECF No. 7. Plaintiff asserts that Defendants use and rely on a probation report that "misclassifies a juvenile conviction as an adult offense." ECF No. 7. Plaintiff does not attach the report to his filing but provides a proposed order which states "[d]efendants' probation reports—specifically the 2012 and 2024 reports authored by Defendant Grover—misclassified Plaintiff's August 15, 2011, offense as an adult conviction, despite his being 17 years old at the time, and that such misclassification has materially influenced state and local supervision, classification, and registration determinations." Id.

Plaintiff requests the following relief: (1) enjoining Defendants from using the 2012 and

2024 misclassifications in any official capacity; (2) ordering immediate correction and notification of the DOJ, CDCR, and supervising agencies; (3) prohibiting enforcement of supervision conditions based on the false records; and (4) issuing a declaratory judgment that Defendants' conduct violates Plaintiff's constitutional rights and that Plaintiff's 2011 offense occurred when he was 17 years old and must be treated accordingly under constitutional and statutory law. ECF No. 7.

The Court finds that Plaintiff's motion for a preliminary injunction does not preserve the status quo. The primary purpose of a preliminary injunction is preservation of the status quo. See, e.g., Ramos v. Wolf, 975 F.3d 872, 887 (9th Cir. 2020). More specifically, its purpose is the preservation of the Court's power to render a meaningful decision after a trial on the merits. See, e.g., Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Barth v. Montejo, No. 2:19-cv-1874-DB-P, 2021 WL 1291962, at *1 (E.D. Cal. Apr. 7, 2021). It is meant to maintain the relative positions of the parties and prevent an irreparable loss of rights before a trial and final judgment. See, e.g., Camenisch, 451 U.S. at 395; Ramos, 975 F.3d at 887; Doe #1 v. Trump, 957 F.3d 1050, 1068 (9th Cir. 2020). A preliminary injunction may assume two forms. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 878 (9th Cir. 2009). Prohibitory injunctions prevent a party from acting, thus maintaining the status quo. Id. A mandatory injunction directs some responsible party to act. Id. at 879.

In this case, Plaintiff requests a mandatory injunction—requiring Defendants to take action to change his record. ECF No. 7 at 2–3. When a mandatory injunction is sought—one that goes beyond simply maintaining the status quo during litigation—the moving party bears a "doubly demanding" burden and must establish that the law and facts clearly support injunctive relief. See Garcia, 786 F.3d at 740. Because Plaintiff's request is not to return to the status quo, but to put himself in a superior position than where he stood prior to filing his 2025 complaint, he must clearly establish that the law and facts support injunctive relief. Id. Plaintiff must establish that, absent the injunction, he will suffer "irreparable harm." Stormans, 586 F.3d at 1127.

Plaintiff fails to meet his burden because of his delay in seeking the injunction. See Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1377 (9th Cir. 1985). "A long delay

before seeking a preliminary injunction implies a lack of urgency and irreparable harm." Id. Here, Plaintiff alleges the first report was issued in 2012, and that his injury began to accrue then. ECF No. 7 at 7. Because Plaintiff must show imminent, irreparable harm, his lengthy delay without providing an explanatory reason is fatal. See Stormans, 586 F.3d at 1127; Oakland Tribune, 762 F.2d at 1377.

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 7, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 5, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE